Turkey, J.
delivered the opinion of the court.
The only question in this case is, whether the statute of limitations of three years is a bar to an action before a justice of the peace founded upon a simple contract, upon which an action of debt might be maintained if of sufficient amount to force the parties into a court of record. It is contended for the defendant in error, upon the authority of the case of Pike v. Green, 1 Yerg. Rep. 465, that it is. This case is in point if it were law, but we .think it is not. It was made before the question as to whether the statute of 21 James I, was in force in the country was determined, and therefore was not considered of in relation thereto. But afterwards, in the case of Tisdale vs. Munroe, 3 Yerger, 320, this question was investigated and the statute held to be in force. This decision we think has materially varied the subject. Before the decision it was doubtful if the statute were in force; if it were not, then there was no statute of limitations to actions upon simple contracts except for arrearages of rent, and, of consequence, courts would lean in favor of a construction by which our statute of 1715, which bars action of account and upon the case in three years, could be brought to bear upon such contracts; hence, in the case referred to, Pike vs. Green, it was held, that inasmuch as before justices of the peace there is no specific form of action, and that case will lie as well as debt, that the statute shall be held to apply. But since the decision of Tisdale vs. Munroe this difficulty is removed. There is now a statute of limitations which operates upon simple contracts; if the time • be too long the legislature must shorten it.
*23 That the decision of the case of Pike vs. Green is erroneous may be made obvious from the reasoning of the Jcourt .It says, “in this summary proceeding the substance is looked to, as in courts of chancery, and the statute made to apply to the evidence.” Now this proposition'is true, but the deduction from it is false. It has always'been held that a court bf chancery applies the statute of limitations upon the same principles as courts of law; if the party be barred at law he is barred in chancery, and vice versa. A court of chancery having no form of action, must, of necessity"', look to the evidence, and if upon that evidence an action could be brought at law which is not barred by the statute of limitations the party is not barred in chancery. See Burdoine vs. Shelton, 10 Yerger, 41. There is no reason for applying a different principle to trials before justices of the peace; indeed the court in that case do not attempt it, but admit that the same rule is applicable to both tribunals.
The judgment of the circuit court will therefore be reversed, and the cause remanded for a new trial.